IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMY PATRICK, M.D., | |
| Plaintiff, | |
| v. | Civil Action No. 19-2106-CFC |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | |
| Defendant. | |

---

Randall E. Robbins, Randall J. Teti, ASHBY & GEDDES, Wilmington, Delaware; Robert E. Saint, EMSWILLER WILLIAMS NOLAND & CLARKE, LLC, Indianapolis, Indiana

*Counsel for Plaintiff*

Michael J. Logullo, RAWLE & HENDERSON LLP, Wilmington, Delaware; Joshua Bachrach, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, Philadelphia, Pennsylvania

*Counsel for Defendant*

## **MEMORANDUM OPINION**

December 17, 2021
Wilmington, Delaware

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Amy Patrick, M.D. filed this lawsuit against Defendant Reliance Standard Life Insurance Company pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001. After I granted Dr. Patrick's motion for summary judgment on March 19, 2021, Dr. Patrick filed a statement requesting an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). D.I. 36. Reliance opposes Dr. Patrick's request and has also filed a motion for reargument, D.I. 39, and a motion for "a stay of proceedings to enforce the judgment pursuant to Rule 62(b) of the Federal Rules of Civil Procedure," D.I. 42.

## I. BACKGROUND

Dr. Patrick filed this ERISA lawsuit against Reliance after Reliance terminated her long-term disability benefits. She sought both a declaration that Reliance erroneously terminated and denied her long-term disability benefits and an order compelling Reliance to pay her all past and future disability benefits she was due along with the interest, costs, and reasonable attorneys' fees she incurred in bringing this action. D.I. 26. On March 19, 2021, I granted Dr. Patrick's motion for summary judgment including her request for attorneys' fees and costs,

citing the fact that Reliance did not contest this request. D.I. 34 at 28; *see* D.I. 26, D.I. 28 at 11.

Consistent with the March 19 Memorandum Opinion, I issued an Order granting Dr. Patrick's motion for summary judgment, denying Reliance's motion for summary judgment, and further ordering that Reliance "shall calculate and pay to Plaintiff the unpaid monthly benefits she is owed within 30 days of this Order" and that a hearing be held on May 26, 2021 to determine a reasonable award of attorneys' fees, interest, and costs. D.I. 35.

Subsequently, Dr. Patrick filed a "statement in support of an award of reasonable attorneys' fees and costs." D.I. 36. Reliance filed a response opposing Dr. Patrick's request for attorneys' fees. D.I. 44. Though I did not enter a judgment following the March 19, 2021 Order, Reliance, "[b]elieving the March 19, 2021 Order to be a final order, . . . filed a notice of appeal [with the Third Circuit] on April 7, 2021. D.I. 51 ¶ 2. Reliance also filed a motion for stay of proceedings to enforce the judgment, D.I. 42, and a motion for reargument on the basis that Dr. Patrick's initial request for fees "[did] not comply with Rule 54(d)(2)," D.I. 39. D.I. 40 at 1–2.

During the April 28, 2021 hearing held to discuss the outstanding motions, the parties agreed to treat Dr. Patrick's statement requesting attorneys' fees as a motion for attorneys' fees, and Reliance agreed to drop its motion for reargument

2

asserting that Dr. Patrick's original request for attorneys' fees "d[id] not comply with Rule 54(d)(2)." D.I. 40 at 1–2; Tr. of April 28, 2021 Hr'g at 8:8–9:1. After the conference, the parties stipulated that "the amount of monthly benefits owed to the Plaintiff under the Court's Order through March 19, 2021 is $319,000.00 . . . [and] pre-judgment interest owed to Plaintiff will be calculated at a 2.59% rate." D.I. 51 ¶ 3. The parties also agreed "subject to the Court's approval, that the Court will decide the Fee Motion based on the parties' prior submissions together with any additional fee and interest submissions [and] [o]nce the Court decides the Fee Motion, the Court will issue a final judgment and order on the requested relief." D.I. 51 ¶ 6. Subsequently, Dr. Patrick filed an additional submission of fees and costs resulting from the legal services rendered by Saint from April 5, 2021 through May 5, 2021, D.I. 53, and an additional submission of fees and costs resulting from the legal services rendered by Robbins and Teti from April 20, 2021 through June 1, 2021, D.I. 54.

## II. ANALYSIS

### A. Attorneys' Fees

Reliance argues that "[Dr. Patrick's] request for fees should be denied outright or the requested fees should be substantially reduced" for two reasons: (1) because "[t]he *Ursic* factors do not support an award of fee" and (2) because "[t]he

3

requested fees are unreasonable." D.I. 44 at 2, 6. I will address each of Reliance's arguments in turn.

### 1.  Appropriateness of Awarding Attorneys' Fees under *Ursic*

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorneys' fees and costs in an action to recover benefits under the provisions of an ERISA plan. ERISA itself does not provide a standard for when an award of attorneys' fees is proper, but the Third Circuit has provided several factors to consider. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). The five factors that courts consider are:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

*Id.* (citation omitted). Though my opinion implicitly discussed many of these factors, especially given that I found Reliance had engaged in culpable conduct by acting arbitrarily and capriciously and abusing its discretion, for clarity, I will now explicitly discuss each of these five factors.

With respect to the first factor, the Third Circuit has made clear that no bad faith or ulterior motive must be shown and all that need be shown is some sort of "culpable" or "blameable" conduct. *McPherson v. Emps.' Pension Plan of Am. Re-Insurance Co., Inc.*, 33 F.3d 253, 256–57 (3d Cir. 1994). I have already

4

explicitly found that Reliance acted arbitrarily and capriciously and abused its discretion. *See* D.I. 34 at 18, 22, 26, 28. Accordingly, this factor weighs in favor of granting attorneys' fees.

As for the second *Ursic* factor, "the ability of [Reliance] to satisfy an award of attorneys' fees," Reliance concedes that it can satisfy the fees and costs sought by Dr. Patrick and does not dispute that this factor "supports [Dr. Patrick's] request." D.I. 44 at 5.

The third *Ursic* factor is the "deterrent effect of an award of attorneys' fees against the offending parties." I have already found that Reliance abused its discretion and engaged in culpable behavior. An award of attorneys' fees should deter Reliance from engaging in this behavior in the future. *See Ryan v. Asbestos Workers Union Local 42 Pension Fund*, 2002 WL 505940, at *2 (D. Del. Jan. 31, 2002) ("Insofar as the court found that the administrators abused their discretion . . . an award of attorneys' fees should deter [the administrators] from abusing their discretion in the future."). Therefore, this factor weighs in favor of granting attorneys' fees.

I find that the fourth factor, "the benefit conferred on members of the pension plan as a whole," is neutral, as the decision in Dr. Patrick's favor "did not effect a change in Plan administration or policy that impacts anyone other than the plaintiff." *Hamilton v. Bank of N.Y.*, 1995 WL 447659, at *6 (D. Del. July 18,

5

1995). Dr. Patrick argues that this factor favors her because "deterring similar arbitrary conduct by Reliance constitutes a future benefit to other plan members." D.I. 47 ¶ 7. But when the outcome of a case "does nothing to confer a positive immediate benefit on other [p]lan members," then "[t]he argument that an award will deter certain conduct of the defendants . . . is the same as deterrence" and thus "is not part of the court's analysis [of this factor]." *Skretvedt v. E.I. DuPont de Nemours Co.*, 262 F. Supp. 2d 366, 371 (D. Del. 2003) (internal quotation marks and citation omitted). As for the last factor, "the relative merits of the parties' position," Reliance concedes that this factor favors Dr. Patrick. D.I. 44 at 6.

After weighing the *Ursic* factors, I conclude that a fee award is appropriate in this case. No factor weighs against a fee award, and I find no reason to deviate from the principle that "the defendant in an ERISA action usually bears the burden of attorneys' fees for the prevailing plaintiff or plaintiff class, thus encourag[ing] private enforcement of the statutory substantive rights, whether they be economic or noneconomic, through the judicial process." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir.2000) (internal quotation marks and citation omitted).

### 2. Reasonableness of Amount

To determine whether a fee request is reasonable, the Third Circuit has adopted the lodestar method. This approach computes a lodestar, which "is strongly presumed to yield a reasonable fee," by multiplying "the number of hours

6

reasonably expended on the litigation . . . by a reasonable hourly rate." *Washington v. Phila. Cty. Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996) (citations omitted). It is the burden of the party seeking attorneys' fees to prove that its request for fees is reasonable. *Rayna P. v. Campus Cmty. Sch.,* 390 F. Supp. 3d 556, 561 (D. Del. 2019). Dr. Patrick's attorneys are Randall J. Teti and Randall E. Robbins from Ashby & Geddes and Robert E. Saint from Emswiller Williams Noland & Clarke, LLC. Dr. Patrick proposed an hourly rate of $500 per hour for Saint and Robbins and a rate of $350 per hour for Teti. D.I. 38 ¶ 6. Robbins declared that he expended 30.6 hours and that Teti expended 57.5 hours in this matter. D.I. 48 ¶ 3; D.I. 54. Saint declared that he expended 241 hours on this litigation. D.I. 37, Ex. 1 (215.8 hours from Oct. 4, 2019 to April 2, 2021); D.I. 53, Ex. A (25.2 hours from April 5, 2021 to May 5, 2021). Reliance contests both the hourly rate and the requested hours underlying Dr. Patrick's lodestar calculation.

Reliance challenges the hourly rates of $500 per hour for Saint and Robbins and $350 per hour for Teti. I find that these rates are reasonable. A reasonable hourly rate is determined by prevailing market rates in the community. *See Blum v. Stenson,* 465 U.S. 886, 895 (1984). A prevailing market rate is the rate "in line with those [rates] prevailing in the community for similar services by lawyers of

7

reasonably comparable skill, experience, and reputation." *Missouri v. Jenkins,* 491 U.S. 274, 286 (1989) (citation omitted).

After reviewing the Declarations submitted by Plaintiff's counsel and the cases Plaintiff cites, I find that the hourly rates charged are reasonable and consistent "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Ursic,* 719 at 674 (taking judicial notice of the amount charged in that district by "able and experienced counsel"). Plaintiff cites three cases in the last four years in Delaware where hourly rates were similar to or higher than her attorneys' rates. *See Rath v. Vita Sanotech, Inc.,* 2020 WL 5877597, at *5 (D. Del. Oct. 2, 2020); Decl. in Supp. Of Pl.'s Renewed Mot. for Att'ys Fees ¶ 4, No. 17-953 (D. Del. July 27, 2020), D.I. 52 (finding hourly rates of $635 for director and $525 for counsel reasonable); *State v. Overstock.co, Inc.,* 2019 WL 5420100, at *4 (Del. Super. Ct. Oct. 23, 2019) (finding hourly rates ranging from $316–$528 for associates and $640–$880 for partners reasonable); *In re China Integrated Energy, Inc.,* 2017 WL 3895787, at *2 (Del. Ch. Sept. 5, 2017) (finding hourly rate of $650 for partner and $300 for summer associate in 2017 reasonable)). Robbins's hourly rate of $500 is reasonable given that he has been a director at Ashby & Geddes for over 20 years. D.I. 48 ¶ 5. Teti's hourly rate of $350 is similarly reasonable given that he is an associate with five years of experience. D.I. 48 ¶ 7. Lastly, I find that Saint's

8

hourly rate of $500 is reasonable given his 41 years of experience and the comparable rates for attorneys with his level of experience. D.I. 49 ¶ 2.

Next, Reliance opposes the requested hours claimed by Dr. Patrick for Robbins, Teti, and Saint. First, Reliance asserts that the records are insufficiently specific. D.I. 44 at 8–9. Reliance opposes the hours requested by Teti and Robbins because "no billing records were provided by them." D.I. 44 at 8. In response, Teti and Robbins submitted billing records that specify each task, the attorney who completed it, the date, and the number of hours expended. *See* D.I. 48. Each entry details with specificity the task that was completed. *See e.g.* D.I. 48 (containing entries such as "[r]esearch regarding post-summary judgment procedure under ERISA and FRCP," "[p]repare redline of draft application in support of ERISA fees, including citation check and review of underlying case law, Memorandum Opinion etc.," and "legal research re: ERISA and atty's fees awards"). Reliance does not otherwise contest the number of hours Teti and Robbins request—therefore I find that number of hours claimed by Robbins (30.6 hours) and Teti (57.5 hours) is reasonable. D.I. 48 ¶ 3; D.I. 54.

Second, Reliance opposes Saint's requested hours because it argues that the recorded time entries "lack[ed] reasonable detail." D.I. 44 at 9–10. While an attorneys' requested hours must be documented "with sufficient specificity," the Third Circuit has explained that "specificity should only be required to the extent

9

necessary for the district court to determine if the hours claimed are unreasonable for the work performed." *Washington,* 89 F.3d at 1037 (internal quotation marks and citations omitted). While a fee petition should contain "fairly definite information as to the hours devoted to various general activities . . . it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* at 1037–38 (internal quotation marks and citations omitted). Saint has easily met this requirement. He produced almost nine pages of single-spaced time entries logging each individual task he engaged in for this case. *See* D.I. 37, Ex. 1; D.I. 53, Ex. A. His log is thorough, and he has recorded each task in .10-hour increments. I find that the items listed in Saint's records are sufficiently specific to allow me to determine whether the hours claimed are unreasonable for the work performed. *See Washington,* 89 F.3d at 1037–38 (holding that entries such as "research," "review," "prepare," "letter to," and "conference with" met standards of specificity).

Reliance also argues that Saint's record of 215.8 hours[1] is "excessive" because his time log contains clerical tasks and the records "reflect excessiveness in billing for many categories of activities." D.I. 44 at 9–10. Reliance includes a

---

[1] Saint recorded 215.8 hours from 10/4/2019 to 4/2/2021 in his first declaration. D.I. 37. Saint has since claimed an additional 25.2 hours for his work from 4/5/2021 to 5/5/2021. D.I. 53.

10

portion of Saint's log containing ten entries as "examples of clerical work," but does not explain which of the activities in the portion of Saint's log it cites constitute "clerical work." D.I. 44 at 9–10; *see Cent. Del. Branch of NAACP v. Dover,* 123 F.R.D. 85, 88 (D. Del. 1988) ("[While] [t]he fee applicant bears the burden of proving the time/rate elements of a reasonable fee . . . [t]he fee opponent, however, must present specific evidence challenging the reasonableness of the requested rates or the time expended.") (citations omitted). Reliance only points out "numerous unexplained emails and discussions between Mr. Saint and other counsel for Plaintiff and their staff as well as other unidentified people" as clerical work, but does not cite to any authority deeming all emails sent by counsel to be clerical in nature. D.I. 44 at 9–10; *see also Rayna,* 390 F. Supp. at 562–63 (allowing billing for intraoffice communications and telephone communication with client).

Reliance also argues that the number of hours claimed by Saint is "excessive" because "there was no written discovery or depositions" and "no trial." D.I. 44 at 9. Reliance specifically takes issue with the time Saint claims he expended on preparing a mediation statement (33.6 hours), preparing Dr. Patrick's opening brief (37.7 hours), responding to Reliance's motion for summary judgment (36.5 hours) and preparing a reply brief for Dr. Patrick's motion for summary judgment (22 hours). D.I. 44 at 9–10. After reviewing Saint's time log,

11

and taking into consideration that this case has involved two competing motions for summary judgment, a record of almost 3,000 pages, and two motions filed by Reliance following the summary judgment opinion, I find that Dr. Patrick has met her burden of showing that the hours claimed were not "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

Reliance does not oppose the costs that Dr. Patrick's attorneys have reported: $583.91 from Ashby & Geddes and $425.00 from Emswiller Williams Noland & Clarke. D.I. 48 ¶ 4; D.I. 38 ¶¶ 5; D.I. 54. Therefore, the total amount Reliance owes for costs incurred is $1,008.91. The fee awarded for Saint's services is $120,500 (the product of 241 hours multiplied by $500), the fee awarded for Teti's services is $20,125 (the product of 57.5 hours multiplied by $350), and the fee awarded for Robbins's services is $15,300 (the product of 30.6 hours multiplied by $500). Thus, the total fee award is $155,925.

### B. The Remaining Motions

Because Reliance has agreed to drop "[its] technical argument that [Dr. Patrick] [was] supposed to file a separate Rule 54 motion apart from the initial request [Dr. Patrick] made in conjunction with summary judgment," I will deny Reliance's motion for reargument (based on its Rule 54 argument) as moot. Tr. at 8:19–9:1. I will also deny Reliance's motion for stay of proceedings to enforce the judgment as moot, because, as I clarified during the conference, there is no

12

judgment entered currently. Reliance is free to refile its motion after a judgment is entered.

## III. CONCLUSION

For the reasons discussed above, I will grant Dr. Patrick's request for attorneys' fees (D.I. 36), deny as moot Reliance's motion for reargument (D.I. 39), and deny as moot Reliance's motion for stay of proceedings to enforce the judgment (D.I. 42).

The Court will enter an Order consistent with this Memorandum Opinion.